UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Securities and Exchange Commission, | § § § | |
| Plaintiff, | § | |
| Vs. | § | CIVIL ACTION NO. H-04-2799 |
| | § | |
| Carl R. Rose, Marvin M. Barnwell, Stacey J. Blake, George J. Cannan, Sr., George J. Cannan, Jr., Earl Shawn Casias, Lawrence A. Clasby, Hector J. Garcia, David A. Keener, Charles A. Leaver, Mark K. Menzel, Frank H. Moss, and Harris D. Ballow, | § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This is an action for securities fraud arising from Defendants' alleged manipulation of the stock prices of two publicly held companies. Plaintiffs have twice moved for the entry of a default judgment against Defendant Harris D. Ballow, on the ground that Ballow has failed to respond to the Complaint as required by Fed. R. Civ. P. 55(a). Because Plaintiff has failed to effect proper service, the motions, Docket Nos. 78 and 82, are **DENIED** without prejudice to refiling.

Rule 5 of the Federal Rules of Civil Procedure requires a party to serve all other parties with copies of every written motion filed with the Court, with the exception of *ex parte* motions. Fed. R. Civ. P. 5(a). The certificates of service attached to Plaintiff's motions reflect that Plaintiff has attempted to serve the motions on Ballow by serving copies on attorney Patrick Lanier. As reflected in the motions themselves, however, Lanier was ordered by the Court to withdraw as Ballow's attorney on January 5, 2005, more than two months before Plaintiff filed its first motion for default judgment.

Because Lanier was no longer Ballow's attorney at the times of attempted service of the motions, Plaintiff has not satisfied the requirement of Rule 5(a). Plaintiff's motions are therefore **DENIED** without prejudice to refiling.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 28th day of September, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER
SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND
AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT
ONE BY THE COURT.